```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
                              **LEXINGTON**

KEVIN J. GRILLO,                  )
et al.,                           )   Civil Action No. 5:05-410-JMH
                                  )
     Plaintiffs,                  )
                                  )
v.                                )
                                  )
TEMPUR-PEDIC INTERNATIONAL,       )   **MEMORANDUM OPINION AND ORDER**
INC., et al.,                     )
                                  )
     Defendants.                  )

                  **     **    **    **     **

Before the Court is Plaintiffs' motion for leave to file an amended complaint [Record No. 54]. This Court finds that allowing Plaintiffs to amend their complaint would not frustrate the purposes of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4 *et seq.*

**I.   BACKGROUND**

Plaintiffs allege that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5. Lead Plaintiff filed his original complaint on October 7, 2005. Following consolidation, Plaintiffs filed their Consolidated Complaint on February 27, 2006. On March 7, 2006 Plaintiffs filed a Corrected Consolidated Complaint. Defendants filed a motion to dismiss on June 14, 2006. On September 13, 2006, Plaintiffs filed a motion for leave to amend the Corrected Consolidated Complaint.

**II.   STANDARD OF REVIEW**

"A party may amend the party's pleading once as a matter of

course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Under Rule 15(a), courts should liberally grant leave to file an amended complaint:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice tot he opposing party by virtue of allowance of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997).

However, the PSLRA restricts a plaintiff's right to amend under Rule 15(a). *Miller v. Champion Enterprises, Inc.*, 346 F.3d 660, 689-92 (6th Cir. 2003). "In any private action arising under this chapter [the PSLRA], the court shall, on the motion of any defendant, dismiss the complaint if the [pleading] requirements are not met." 15 U.S.C. § 78u-4(b)(3)(A). Congress intended this heightened pleading requirement "to prevent suits in which a foundation for the suit cannot be pleaded." *Miller*, 346 F.3d at 691. "This stringent requirement operates to discourage baseless suits altogether" and "is a reflection of the objective of Congress 'to provide a filter at the earliest stage (the pleading stage) to screen out lawsuits that have no factual basis.'" *Id.* at 691-92 (citations omitted). "[T]his is particularly true

2

where . . . there is a stark absence of any suggestion by the plaintiffs that they have developed any facts since the action was commenced which would, if true, cure the defects in the pleadings under the heightened requirements of the PSLRA." *Id.* at 692. "[T]he purpose of the PSLRA would be frustrated if district courts were required to allow repeated amendments to complaints filed under the PSLRA." *Id.*

**III. ANALYSIS**

Though this is technically Plaintiffs' fourth complaint, a review of the record shows that this is the first time Plaintiffs have added new substantive allegations.[1] The amendments appear to clarify the pattern by which the management of Tempur-Pedic allegedly defrauded its shareholders. Moreover, this Court will eventually have to consider the merits of the First Amended Consolidated Complaint even if the Corrected Consolidated Complaint is without merit. *See id.* at 692 ("[T]his is particularly true where . . . there is a stark absence of any suggestion by the plaintiffs that they have developed any facts since the action was commenced which would, if true, cure the defects in the pleadings under the heightened requirements of the PSLRA"). Since there

---

[1] The consolidated complaint essentially mirrored the lead plaintiff's original complaint, making only the changes necessary to add the consolidated cases. The corrected consolidated complaint alleged a significant additional amount of insider trading from an additional defendant, but these allegations were contained in the original actions and inadvertently left out of the consolidated complaint.

3

appears to be no evidence of gamesmanship on the plaintiffs' part, the better policy is to allow them to file their amended complaint.

### IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED:**

(1) Plaintiffs' motion for leave to file a First Amended Consolidated Complaint [Record No. 54] be, and the same hereby is, **GRANTED**.

(2) The clerk is **DIRECTED TO FILE** Plaintiffs' First Amended Consolidated Complaint.

This the 7th day of December, 2006.



Signed By:

*Joseph M. Hood*

United States District Judge